PD-1640-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/26/2015 4:32:12 PM
Accepted 2/27/2015 8:27:48 AM
ABEL ACOSTA
CLERK

PD-1640-14

IN THE COURT OF CRIMINAL APPEALS

OF THE STATE OF TEXAS

---

EX PARTE
MARIA A. MARTINEZ

---

On Petition for Discretionary Review from the Fourteenth Court of Appeals in No. 14-14-00253-CR, affirming the trial court's denial of the writ of habeas corpus in cause number 1943720, before Harris County Criminal Court at Law #11, Honorable Diane Bull, Judge Presiding

---

## PETITIONER'S MOTION FOR REHEARING

**Mike DeGeurin**
FOREMAN, DeGEURIN & DeGEURIN
300 Main Street, 3rd Floor
Houston, Texas 77002
713-655-9000 Telephone
713-655-1812 Facsimile
mike@fddlaw.net
State Bar No. 05637500
ATTORNEY FOR PETITIONER

**Bryan W.L. Garris**
FOREMAN, DeGEURIN & DeGEURIN
300 Main Street, 3rd Floor
Houston, Texas 77002
713-655-9000 Telephone
713-655-1812 Facsimile
bgarris@fddlaw.net
State Bar No. 24079945
ATTORNEY FOR PETITIONER

FILED IN
COURT OF CRIMINAL APPEALS

February 27, 2015

ABEL ACOSTA, CLERK

1

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Comes now Maria Martinez, Petitioner, by and through her attorneys of record and respectfully submits this *Motion for Rehearing* in the above entitled cause.

## ARGUMENT AND AUTHORITIES

The trial court and Court of Appeals applied this Court's previous decisions in *Hatten v. State*, 71 S.W.3d 332 (Tex.Crim.App. 2002) and *State v. Guerrero*, 400 S.W.3d 576 (Tex.Crim.App. 2013) to conclude that a recital in a judgment was sufficient evidence to establish that Petitioner validly waived the right to counsel under both the Sixth Amendment and Art. I, §10 of the Texas Constitution in Harris County Cause No. 9738352. Because both courts misapplied these cases, and because *Hatten* should be reviewed in light of the U.S. Supreme Court's decisions in *Patterson v. Illinois*, 487 U.S. 285 (1988) and *Iowa v. Tovar*, 541 U.S. 77 (2004), Petitioner requests that this Court grant her Petition for Discretionary Review.

When a criminal defendant chooses to waive his right to counsel and represent himself, the waiver should be made knowingly and intelligently and he should be warned of the dangers and disadvantages accompanying such waiver. *Faretta v. California*, 422 U.S. 806, 807 (1975). In *Hatten*, this Court held "the requirements of *Faretta* are not invoked by a misdemeanor defendant who waives

2

his right to representation by counsel and does not contest his guilt." This holding is in direct conflict with controlling U.S. Supreme Court precedent. The U.S. Supreme Court recognized in both *Patterson* and *Tovar* that the requirements of *Faretta* do apply, but that a less searching or formal colloquy may suffice at earlier stages of the criminal process. *Tovar*, 541 U.S. at 89, 90, 93 (applying *Faretta* in the guilty plea context); *See Patterson*, 487 U.S. 285 (1988) (applying *Faretta* in the post-indictment questioning context); *Tovar*, 541 U.S. at 89, 90, 93 (applying *Faretta* in the guilty plea context).

This case presents significant circumstances and implications with respect to the clarity of right to counsel jurisprudence. Moreover, this Court could possibly be the last Court with the ability to review Petitioner's claim – despite this case involving a federal constitutional question. *See generally* 28 U.S.C. § 2244.

Ms. Martinez was a 19-year-old woman, who had been in the U.S. for less than five years at the time she went to court in the original case. On her fourth court appearance without counsel, she entered a guilty plea, and received a final conviction despite her having no criminal history. No evidence, aside from the recital in the judgment, states that she knowingly, intelligently, and voluntarily waived her right to counsel. These form recitals have long been held insufficient to constitute evidence of valid waiver of the right to counsel. *See Goffney v. State*, 843 S.W.3d 583, 585 (1992).

3

Ms. Martinez respectfully requests that this Court grant her Petition for Discretionary Review, examine the *Hatten* decision in light of the Supreme Court's decisions in *Patterson* and *Tovar*, find that both the trial court and Court of Appeals erred in their respective analyses of Ms. Martinez's claims, and to either grant Ms. Martinez's request for relief, or to remand to the courts below with instructions to apply the proper standard in reviewing Ms. Martinez's claim. Ms. Martinez also requests that this Court grant to her any and all such further relief to which she may be entitled, in both law and in equity.

Respectfully Submitted,

FOREMAN, DeGEURIN & DeGEURIN

/s/ Mike DeGeurin
Mike DeGeurin
State Bar No. 05637500
300 Main Street, 3rd Floor
Houston, Texas 77002
713-655-9000 Telephone
713-655-1812 Facsimile
mike@fddlaw.net
ATTORNEY FOR PETITIONER

/s/ Bryan W.L Garris
Bryan W.L Garris
State Bar No. 24079945
300 Main Street, 3rd Floor
Houston, Texas 77002
713-655-9000 Telephone
713-655-1812 Facsimile
bgarris@fddlaw.net
ATTORNEY FOR PETITIONER

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on February 26, 2015:

1) This document was electronically filed with the Texas Court of Criminal Appeals.

2) A true and correct copy of the foregoing petition was served on the appellate division of the Harris County District Attorney's Office, by hand-delivering a copy to 1201 Franklin, Suite 600, Houston, Texas 77002.

3) A true and correct copy of the foregoing petition was served on the State Prosecuting Attorney, by mailing a copy of the petition to the Lisa McMinn, State Prosecuting Attorney, P.O. Box 13046, Austin, Texas 78711.

Bryan W.L. Garris

## CERTIFICATION

I, Bryan W.L. Garris, hereby certify, as required under Rule 79.2(c) of the Texas Rules of Appellate Procedure, that the foregoing *Motion for Rehearing* is grounded on account of the legal issues, facts, and significant circumstances specified in this motion. This motion is made in good faith and not for delay.

Bryan W.L. Garris

STATE OF TEXAS          §
COUNTY OF HARRIS        §

Before me, the undersigned authority, on this day personally appeared Bryan W.L. Garris, known to me to be the person whose name is subscribed to the foregoing Motion for Rehearing and Certification, and who, after being by me duly sworn, upon his oath states that the same was executed for the purpose stated therein.

SUBSCRIBED AND SWORN TO BEFORE ME on this the 26 day of February , 2015.

Notary Public
In and for the State of Texas

KATHY PARKER
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
JUNE 24, 2018